WALLACE, Senior Circuit Judge,
concurring in part and dissenting in part.
I concur with my colleagues in reversing for the erroneous dismissal of the indictment. I dissent from the holding that the police’s seizure of the keys and search of the glove box tainted the later search of the trunk with the resultant seizure of the gun.
Even if the seizure of the keys and search of the glove box were unlawful, these Fourth Amendment violations do not render Biddle’s subsequent abandonment involuntary unless there is “a nexus between the allegedly unlawful police conduct and abandonment of property.” United States v. Gilman, 684 F.2d 616, 620 (9th Cir.1982). The disposition does not identify this nexus, and I have not found it. Nothing suggests that Biddle disavowed ownership of the car because the police took the keys and rummaged through his glove box. The police took the car keys only to shut off the engine-making the surroundings safer. Nothing illegal was found in the glove box, and nothing was done to the glove box or keys to make the car ownership less desirable. See Gilman, 684 F.2d at 620 (“Abandonment of property in response to police investigation does not per se render abandonment involuntary”).
Because we have no facts before us that establish a nexus between the initial seizure and search and Biddle’s subsequent abandonment, I would remand for the district court to develop the record further. In doing so, I remind the district court that the key issue in abandonment is not the intent of the police, but the intent of the car owner. United States v. Nordling, 804 F.2d 1466, 1469 (9th Cir.1986).